# EXHIBIT A

CSC

# Notice of Service of Process

**Transmittal Number: 35020179**
**Date Processed: 09/11/2026**

**Primary Contact:** Candice Fields
Ceramtec North America LLC
1 Technology Pl
Laurens, SC 29360-1669

| | |
|---|---|
| **Document(s) Type:** | Litigation - Initiating Document |
| **Matter Name:** | Roberto Vigo vs. Ceramtec North America LLC |
| **Case Number:** | 2026CP3000919 |
| **Entity:** | Ceramtec North America LLC |
| **Nature of Case:** | Litigation |
| **Service Details:** | Served on CSC in South Carolina on 09/10/2026 by Certified Mail |

**Narrative Summary:**

This document is a Summons and electronically filed Complaint in the Court of Common Pleas, Eighth Judicial Circuit, Laurens County, South Carolina, filed by plaintiff Roberto Vigo against defendant CeramTec North America LLC. The Complaint alleges that Vigo accepted an Offer Letter placing him as Director of Sales and Marketing (later Vice President of Sales and Marketing) and that the Offer Letter contains a Severance Clause obligating CTNA to twelve months of separation pay and executive-rate medical benefits upon termination. The Complaint alleges CTNA terminated Vigo (notice dated June 18, 2025), denied severance, and failed to provide benefits, and asserts causes of action for breach of contract, violation of the South Carolina Payment of Wages Act (S.C. Code Ann. §§ 41-10-10 et seq.), and, in the alternative, quantum meruit/unjust enrichment, seeking damages, treble damages, fees, and a jury trial.

**All service of process must be acknowledged through CSC's platform to confirm receipt.**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

**Document ID: 49209479**

ELECTRONICALLY FILED - 2026 Aug 28 2:24 PM - LAURENS - COMMON PLEAS - CASE#2026CP3000919

STATE OF SOUTH CAROLINA
COUNTY OF LAURENS

IN THE COURT OF COMMON PLEAS
EIGHTH JUDICIAL CIRCUIT

**Roberto Vigo,**

*Plaintiff,*

v.

**CeramTec North America LLC,**

*Defendant.*

**Case No.:**

**SUMMONS**

**(Jury Trial Demanded)**

TO THE ABOVE-NAMED DEFENDANT, CERAMTEC NORTH AMERICA LLC:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted this 28th day of August, 2026,

GROVE OZMENT, L.L.C.

s/Matthew R. Ozment
Matthew R. Ozment (Bar No. 80072)
Email: Matt@go-lawyers.com
100 Williams Street
Greenville, SC 29601
Telephone: 864-516-2222

ATTORNEY FOR PLAINTIFF

ELECTRONICALLY FILED - 2026 Aug 28 2:24 PM - LAURENS - COMMON PLEAS - CASE#2026CP3000919

STATE OF SOUTH CAROLINA
COUNTY OF LAURENS

IN THE COURT OF COMMON PLEAS
EIGHTH JUDICIAL CIRCUIT

**Roberto Vigo,**

*Plaintiff,*

v.

**CeramTec North America LLC,**

*Defendant.*

**Case No.:**

**Complaint**

**(Jury Trial Demanded)**

Plaintiff Roberto Vigo ("Plaintiff" or "Mr. Vigo"), by and through his undersigned counsel, complains of Defendant CeramTec North America LLC ("Defendant" or "CTNA") and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Roberto Vigo is, and at all times relevant hereto was, a citizen and resident of Simpsonville, Greenville County, South Carolina.

2. Upon information and belief, Defendant CeramTec North America LLC is a limited liability company authorized to transact business in South Carolina, with its corporate offices and principal place of business located at One Technology Place, Laurens, South Carolina 29360.

3. This Court has personal jurisdiction over Defendant because Defendant maintains its corporate headquarters and principal place of business in, and regularly conducts business in, Laurens County, South Carolina.

ELECTRONICALLY FILED - 2026 Aug 28 2:24 PM - LAURENS - COMMON PLEAS - CASE#2026CP3000919

4. Venue is proper in Laurens County because Defendant's principal place of business is located in Laurens County and the acts and omissions giving rise to this action occurred in Laurens County.

5. This Court has subject matter jurisdiction over this action, as the amount in controversy exceeds the jurisdictional limits of magistrate's court and no federal question is presented.

## FACTUAL ALLEGATIONS

6. Mr. Vigo began his employment with CTNA (or its predecessor operations at the Laurens, South Carolina facility) in November 2007.

7. On April 5, 2021, CTNA, by and through its Human Resources Manager, Kayli Merritt, and its then-President, Brent Pahach, issued Mr. Vigo a written offer letter (the "Offer Letter") confirming his role as Director of Sales and Marketing for CTNA, reporting to CTNA's President.

8. Mr. Vigo signed and accepted the Offer Letter on April 5, 2021. The Offer Letter constitutes a valid, binding, and enforceable written employment contract between Mr. Vigo and CTNA.

9. The Offer Letter set Mr. Vigo's base biweekly salary at $9,038.08 — an annualized base salary of $234,990.08 based on CTNA's 26 payroll periods per year — and further provided for participation in CTNA's senior manager bonus program, a monthly car allowance, and executive-level benefits. Subsequent to accepting the offer in the Offer Letter, Mr. Vigo's base salary was raised by CTNA to $284,350 per year.

10. The Offer Letter contains the following severance provision (the "Severance Clause"):

ELECTRONICALLY FILED - 2026 Aug 28 2:24 PM - LAURENS - COMMON PLEAS - CASE#2026CP3000919

*"In the event of employment termination for any cause, you will receive twelve **(12)** months of separation pay at the rate of your base salary, based on the number of years served as Director of Sales and Marketing and CTNA performance while you were Director of Sales and Marketing. Plus, you will receive medical benefits for the duration of the severance at the executive rate."* (emphasis in original).

11. By its plain and unambiguous terms, the Severance Clause obligates CTNA to pay Mr. Vigo twelve (12) months of separation pay at his base salary rate, plus medical benefits at the executive rate for the duration of the severance period, upon "termination for any cause." By these terms, Plaintiff is entitled to the severance regardless of the reason given by CTNA for his termination.

12. Mr. Vigo subsequently served as, and was recognized by CTNA as, Vice President of Sales and Marketing, and he continued to serve through May 2025.

13. On or about May 2, 2025, CTNA placed Mr. Vigo on administrative leave, purportedly pending an internal audit.

14. On June 18, 2025, Dr. Hadi Saleh, Chief Executive Officer of the CeramTec Group, sent Mr. Vigo written notice that he was removed, effective immediately, from all officer positions he held with CeramTec BidCo LLC, CeramTec Acquisition LLC, CeramTec North America LLC, and DAI Ceramics LLC.

15. Also on June 18, 2025, David Richeson, then Interim President of CTNA, sent Mr. Vigo a letter titled "Notice of Termination for Cause," notifying him that his employment with CTNA was terminated effective immediately that day, purportedly based on "repeated

ELECTRONICALLY FILED - 2026 Aug 28 2:24 PM - LAURENS - COMMON PLEAS - CASE#2026CP3000919

acts of dishonesty, intentional misconduct, and willful violation of Company policies and procedures."

16. In that same letter, CTNA asserted, without further explanation or supporting documentation provided to Mr. Vigo, that he had "forfeited any right to severance," and stated he would receive only final wages, accrued and unused PTO, and pro-rated car allowance through the termination date.

17. Mr. Vigo has never been shown specific evidence substantiating CTNA's allegations, was never afforded a meaningful opportunity to respond to or contest the allegations before his termination, and disputes that any such cause for termination in fact existed.

18. Regardless of the characterization CTNA has placed on Mr. Vigo's termination, the plain language of the Severance Clause, which is triggered by "termination for any cause," entitles Mr. Vigo to twelve months of separation pay and executive-rate medical benefits irrespective of the reason CTNA has since assigned to that termination.

19. To date, CTNA has not paid Mr. Vigo any portion of the twelve months of separation pay owed under the Severance Clause, and has not provided him medical benefits at the executive rate for the severance period, despite the passage of well over a year since his termination.

20. Mr. Vigo has performed all conditions, covenants, and promises required of him under the Offer Letter.

21. As a direct and proximate result of CTNA's failure and refusal to pay the severance benefits owed under the Offer Letter, Mr. Vigo has been damaged in an amount to be determined at trial, but not less than $234,990.08 in unpaid separation pay, plus the value of twelve months of executive-rate medical benefits, together with interest.

ELECTRONICALLY FILED - 2026 Aug 28 2:24 PM - LAURENS - COMMON PLEAS - CASE#2026CP3000919

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

22. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs as if fully restated herein.

23. The Offer Letter constitutes a valid, binding, and enforceable written contract between Mr. Vigo and CTNA, supported by adequate consideration.

24. The Severance Clause is a material term of that contract, obligating CTNA to pay Mr. Vigo twelve months of separation pay at his base salary rate and to provide him executive-rate medical benefits during the severance period upon termination of his employment "for any cause."

25. CTNA terminated Mr. Vigo's employment effective June 18, 2025, thereby triggering CTNA's payment obligations under the Severance Clause.

26. CTNA has breached the Offer Letter by failing and refusing to pay Mr. Vigo the separation pay and medical benefits due to him under the Severance Clause.

27. As a direct and proximate result of CTNA's breach, Mr. Vigo has sustained damages in an amount to be proven at trial, but not less than $234,990.08, plus the value of twelve months of executive-rate medical benefits, together with pre-judgment and post-judgment interest, costs, and such other relief as the Court deems just and proper.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of the South Carolina Payment of Wages Act,**
**S.C. Code Ann. § 41-10-10, et seq.)**

28. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs as if fully restated herein.

29. At all relevant times, Mr. Vigo was an "employee" and CTNA was an "employer" within the meaning of S.C. Code Ann. § 41-10-10.

ELECTRONICALLY FILED - 2026 Aug 28 2:24 PM - LAURENS - COMMON PLEAS - CASE#2026CP3000919

30. The separation pay due Mr. Vigo under the Severance Clause of the Offer Letter constitutes "wages" as defined by S.C. Code Ann. § 41-10-10, as it is compensation due Mr. Vigo pursuant to a written agreement between Mr. Vigo and CTNA.

31. Pursuant to S.C. Code Ann. § 41-10-50, CTNA was required to pay Mr. Vigo all wages due him, including the contractual severance pay, within forty-eight hours of his separation or by the next regular payday, not to exceed thirty days.

32. CTNA has failed and refused to pay Mr. Vigo the wages due him under the Severance Clause, in violation of S.C. Code Ann. § 41-10-50.

33. CTNA's failure to pay these wages was willful and without a good-faith basis, entitling Mr. Vigo to recover, pursuant to S.C. Code Ann. § 41-10-80, three times the full amount of the unpaid wages, together with reasonable attorneys' fees and costs of this action.

**FOR A THIRD CAUSE OF ACTION**
**(Quantum Meruit / Unjust Enrichment — Pled in the Alternative)**

34. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs as if fully restated herein.

35. This cause of action is pled solely in the alternative, and only to the extent it is determined that the Offer Letter or the Severance Clause is not an enforceable contract.

36. Mr. Vigo conferred a benefit upon CTNA through more than seventeen years of service, including his continued service and forbearance from seeking other employment in reliance on the severance protection promised to him in the Offer Letter.

37. CTNA had knowledge of, and realized, the benefit of Mr. Vigo's continued service.

38. It would be inequitable for CTNA to retain the benefit of Mr. Vigo's service without compensating him the value of the severance benefits promised in exchange.

ELECTRONICALLY FILED - 2026 Aug 28 2:24 PM - LAURENS - COMMON PLEAS - CASE#2026CP3000919

39. Mr. Vigo is entitled to recover the reasonable value of the severance benefits wrongfully withheld by CTNA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Roberto Vigo respectfully prays for judgment against Defendant CeramTec North America LLC as follows:

a. For actual damages in an amount to be determined at trial, but not less than $284,350 in unpaid contractual severance pay, plus the value of twelve months of executive-rate medical benefits;

b. For treble damages pursuant to S.C. Code Ann. § 41-10-80;

c. For pre-judgment and post-judgment interest as allowed by law;

d. For reasonable attorneys' fees and costs of this action pursuant to S.C. Code Ann. § 41-10-80 and/or as otherwise allowed by law;

e. For a trial by jury on all issues so triable; and

f. For such other and further relief as this Court deems just and proper.

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

GROVE OZMENT, L.L.C.

s/Matthew R. Ozment
Matthew R. Ozment (Bar No. 80072)
Email: Matt@go-lawyers.com
100 Williams Street
Greenville, SC 29601
Telephone: 864-516-2222

*ATTORNEY FOR PLAINTIFF*

August 28, 2026

GO | GROVE OZMENT

100 Williams Street
Greenville, South Carolina 29601
go-lawyers.com

RETURN RECEIPT REQUESTED

CERTIFIED MAIL®

9589 0710 5270 3798 9756 01

Retail

UNITED STATES POSTAL SERVICE®

RDC 99

29492

U.S. POSTAGE PAID
FCM LETTER
GREENVILLE, SC 2960
SEP 01, 2026

$11.31

S2322S502096-32

Corporation Service Company
100 Coastal Drive, Suite 210
Charleston, SC 29492