IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Vigo,<br><br>Plaintiff,<br><br>v.<br><br>CeramTec North America, LLC,<br><br>Defendant. | No. 6:26-cv-04399-DCC |

**PLAINTIFF/ COUNTER-DEFENDANT'S**
**PARTIAL ANSWER TO COUNTERCLAIMS**

Plaintiff/ Counter-Defendant Robert Vigo ("Vigo") by and through his undersigned counsel, hereby responds to Defendant/ Counter-Plaintiff CeramTec North America, LLC's ("CeramTec") Counterclaims as stated herein. Vigo reserves all other available defenses to CeramTec's claims not explicitly stated herein, whether arising under federal, South Carolina, or common law.

**FIRST DEFENSE**

1. Vigo lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 1.

2. Vigo lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2.

3. Vigo lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.

4. Vigo lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.

5. Vigo admits that he served in the roles alleged. He denies the remaining allegations contained in Paragraph 5.

6. Vigo denies the allegations contained in Paragraph 6.

7. Vigo lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 7.

8. Vigo lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 8.

9. Vigo denies the allegations contained in Paragraph 9.

10. Vigo admits to receiving a proposed employment agreement but denies the remaining allegations contained in Paragraph 10.

11. Vigo admits that the employment agreement in effect, at the time of his termination, speaks for itself. Vigo denies the remaining allegations contained in Paragraph 11.

12. Vigo denies the allegations contained in Paragraph 12.

13. Vigo denies the allegations contained in Paragraph 13

14. Vigo admits to accepting the terms of a April 5, 2021 offer letter. He denies the remaining allegations contained in Paragraph 14.

15. Vigo denies the allegations contained in Paragraph 15.

16. Vigo denies the allegations contained in Paragraph 16.

17. Vigo denies the allegations contained in Paragraph 17.

18. Vigo admits to taking a trip to Nantes, France but denies the remaining allegations contained in Paragraph 18.

19. Vigo admits to planning a business trip but being unable to attend because CeramTec placed him on administrative leave. Vigo denies the remaining allegations contained in Paragraph 19.

20. Vigo admits to taking a trip to Seoul, Bangkok but denies the remaining allegations contained in Paragraph 20.

21. Vigo denies the allegations contained in Paragraph 21.

22. Vigo denies the allegations contained in Paragraph 22.

23. Vigo denies the allegations contained in Paragraph 23.

24. Vigo denies the allegations contained in Paragraph 24.

25. Vigo admits to taking a March 2023 trip to Montego Bay, Jamaica. He denies the remaining allegations contained in Paragraph 25.

26. Vigo admits to attending the trip alongside other CeramTec executives. He denies the remaining allegations contained in Paragraph 26.

27. Vigo lacks knowledge to form a belief as to the truth or falsity of the allegations regarding the total cost of the Jamaica trip. Vigo denies the remaining allegations contained in Paragraph 27.

28. Vigo admits to attending the trip to Hawaii. He lacks knowledge to form a belief as to the truth or falsity of the allegations regarding the total cost of the Hawaii trip. He denies the remaining allegations contained in Paragraph 28.

29. Vigo denies the allegations contained in Paragraph 29.

30. Vigo denies the allegations contained in Paragraph 30, including any implication that he engaged in self-dealing practices.

31. Vigo admits to receiving automobile allowance payments. He denies the remaining allegations contained in Paragraph 31.

32. Vigo denies the allegations contained in Paragraph 32.

33. Vigo admits to acquiring the vehicles alleged but denies the remaining allegations contained in Paragraph 33.

34. Vigo denies the allegations contained in Paragraph 34.

35. Vigo denies the allegations contained in Paragraph 35.

36. Vigo denies the allegations contained in Paragraph 36.

37. Vigo incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

38. Vigo admits to the allegations contained in Paragraph 38.

39. The allegations contained in Paragraph 39 consist entirely of legal conclusions requiring no response. To the extent required, Vigo denies the remaining allegations contained in Paragraph 39.

40. The allegations contained in Paragraph 40 consist entirely of legal conclusions requiring no response. To the extent required, Vigo denies the remaining allegations contained in Paragraph 40.

41. The allegations contained in Paragraph 41 consist entirely of legal conclusions requiring no response. To the extent required, Vigo denies the remaining allegations contained in Paragraph 41.

42. The allegations contained in Paragraph 42, and all its subparts, consist entirely of legal conclusions requiring no response. To the extent required, Vigo denies the remaining allegations contained in Paragraph 42, including all its subparts.

43. Vigo denies the allegations contained in Paragraph 43.

44. Vigo denies the allegations contained in Paragraph 44.

45. Vigo denies the allegations contained in Paragraph 45.

46. The allegations contained in Paragraph 46 consist entirely of legal conclusions requiring no response. To the extent required, Vigo denies the remaining allegations contained in Paragraph 46.

47. The allegations contained in Paragraph 47 consist entirely of legal conclusions requiring no response. To the extent required, Vigo denies the remaining allegations contained in Paragraph 47.

48. Vigo incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

49. The allegations contained in Paragraph 49 consist entirely of legal conclusions requiring no response. To the extent required, Vigo denies the remaining allegations contained in Paragraph 49.

50. Vigo admits that CeramTec employed him in an executive role. He lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 50.

51. The allegations contained in Paragraph 51 are legal conclusions requiring no response. To the extent a response is required, the allegations are denied.

52. Vigo denies the allegations contained in Paragraph 52, including all subparts thereto.

53. Vigo denies the allegations contained in Paragraph 53.

54. Vigo denies the allegations contained in Paragraph 54.

55. Vigo denies the allegations contained in Paragraph 55.

56. Vigo denies the allegations contained in Paragraph 56.

57. Vigo incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

58. Vigo denies the allegations contained in Paragraph 58.

59. Vigo denies the allegations contained in Paragraph 59.

60. Vigo denies the allegations contained in Paragraph 60.

61. Vigo denies the allegations contained in Paragraph 61.

62. Vigo denies the allegations contained in Paragraph 61.

63. The Fourth Counterclaim (Fraud) and Fifth Counterclaim (Constructive Fraud) are the subject of Vigo's pending Partial Motion to Dismiss (ECF No. 11). Under Rule 12(a)(4)(A), Vigo will respond to Paragraphs 63 through 87 within 14 days after notice of the Court's ruling if any part of those counterclaims remains. To the extent any response to those paragraphs is deemed required now, Vigo denies them and reserves all defenses.

64. Vigo incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

65. The allegations contained in Paragraph 89 are legal conclusions requiring no response. To the extent a response is required, the allegations are denied.

66. Vigo lacks knowledge sufficient to respond as to the contentions of CeramTec as stated in Paragraph 90 and therefore leaves them to their proof.

67. Vigo denies the allegations contained in Paragraph 91.

68. Vigo denies the allegations contained in Paragraph 92.

69. Vigo admits the allegations contained in Paragraph 93.

70. Vigo denies that CeramTec is entitled to any of the relief requested in Paragraph 94, including all subparts.

71. Vigo denies that CeramTec is entitled to any of the relief requested in the unnumbered paragraph that begins "WHEREFORE" at the end of the Counterclaims, or to any relief at all.

Without assuming any burden, he would not otherwise bear, Vigo asserts the following defenses to the First, Second, Third, and Sixth Counterclaims. He reserves the right to assert further defenses to the Fourth and Fifth Counterclaims when he responds to them.

**SECOND DEFENSE**

Each of CeramTec's Counterclaims fails to state a claim on which relief can be granted.

**THIRD DEFENSE**

CeramTec provided its agents actual and apparent authority to bind it in contract.

**FOURTH DEFENSE**

All Vigo's actions were authorized or ratified by CeramTec's agents who had authority to bind the principal.

**FIFTH DEFENSE**

CeramTec's management knew of, approved, and paid for the travel, events, expense reimbursements, car allowance, and vehicle purchases on which the Counterclaims rest.

**SIXTH DEFENSE**

By its own conduct CeramTec waived, and is estopped from asserting, the objections on which the Counterclaims are based.

**SEVENTH DEFENSE**

The Counterclaims are barred in whole or in part by the applicable statutes of limitations.

**EIGHTH DEFENSE**

CeramTec paid the reimbursements and benefits it now challenges with knowledge of the relevant facts, and it cannot recover them

**NINTH DEFENSE**

CeramTec claims are barred because express agreements and CeramTec's own policies and practices govern Vigo's compensation, benefits, reimbursements, and vehicle purchases.

**TENTH DEFENSE**

The equitable relief CeramTec seeks is barred because its own executives approved or took part in the conduct it now challenges.

**ELEVENTH DEFENSE**

CeramTec has suffered no damages caused by Vigo. Any loss resulted from the acts or omissions of CeramTec’s own management or of others.

**TWELFTH DEFENSE**

CeramTec may not recover for harm to CeramTec AcquiCo, CeramTec GmbH, or any other affiliate.

**THIRTEENTH DEFENSE**

Any recovery by CeramTec must be reduced by the severance, medical benefits, and other sums CeramTec owes Vigo.

**FOURTEENTH DEFENSE**

CeramTec is not entitled to forfeiture or disgorgement of compensation it paid for services Vigo performed and from which CeramTec benefitted, and any recoupment of paid wages is barred or limited by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 et seq.

**FIFTEENTH DEFENSE**

CeramTec cannot recover punitive damages without clear and convincing evidence of willful, wanton, or reckless conduct, S.C. Code Ann. § 15-32-520, and any award is subject to the limits of S.C. Code Ann. § 15-32-530 and the Due Process Clauses of the United States and South Carolina Constitutions.

**SIXTEENTH DEFENSE**

Vigo acted at all times in good faith and in reliance on the approvals of CeramTec's President and management.

**SEVENTEENTH DEFENSE**

To the extent CeramTec seeks equitable relief, it is barred as there are adequate remedies at law.

**EIGHTEENTH DEFENSE**

CeramTec's claims are barred by waiver, estoppel, and/or laches based on it's own conduct, representations, and acquiescence with knowledge of the facts alleged.

**NINETEENTH DEFENSE**

CeramTec has failed to mitigate its damages.

**TWENTIETH DEFENSE**

CeramTec's claims are barred by the business judgment rule.

**TWENTY-FIRST DEFENSE**

At no time did Vigo have a fiduciary duty to CeramTec. If the Court finds to the contrary, Vigo's conduct fell outside any duty owed to CeramTec.

**RESERVATION.**

Vigo reserves the right to amend this pleading to add defenses as discovery proceeds.

## PRAYER FOR RELIEF

Vigo respectfully asks the Court to enter judgment in his favor and dismiss CeramTec's Counterclaims; to award Vigo the relief requested in his Complaint; to award him his costs and attorneys' fees as allowed by law; and to grant such other relief as the Court deems just and proper.

Respectfully Submitted,

GROVE OZMENT, LLC

s/Matthew R. Ozment
Matthew R. Ozment Fed Bar No. 12403
Email: Matt@go-lawyers.com
100 Williams Street
Greenville, SC 29601
Telephone: 864-516-2222

*ATTORNEY FOR PLAINTIFF/COUNTER-DEFENDANT ROBERTO VIGO*

November 19, 2026